```
                       UNITED STATES DISTRICT COURT
                         DISTRICT OF CONNECTICUT


------------------------------x
                              :
RONALD PATTERSON,             :
                              :
     Plaintiff,               :
                              :
v.                            :      Civil No. 3:03CV01137(AWT)
                              :
INTERSTATE MANAGEMENT CO.,    :
et al.                        :
                              :
     Defendants.              :
                              :
------------------------------x
```

### RULING ON PLAINTIFF'S MOTION TO RESCIND
### STIPULATION OF DISMISSAL WITH PREJUDICE

On August 23, 2004, the parties filed a Stipulation of Dismissal with Prejudice (Doc. No. 61) signed by the pro se plaintiff and counsel for the defendants. On September 7, 2004, the plaintiff filed a document entitled "Plaintiff's Notice to Rescind Agreement of Stipulation with Dismissal" (Doc. No. 63), which is in substance a motion to rescind the stipulation of dismissal with prejudice. In it, the plaintiff stated that he "believe[s] he possess[es] the right to rescind said agreements . . . on the grounds of mistake, duress, weakness of [i]ntellect and [u]ndue [i]nfluence."

The court set down plaintiff's motion for a hearing on February 23, 2005, but after the calendar was sent out, the court discovered that the court file was with the Second Circuit because the plaintiff had filed a notice of appeal. At the

hearing on February 23, 2005, the court denied the plaintiff's motion without prejudice to renewal after the case was remanded by the Second Circuit.  However, because the defendants had brought a non-party witness to the hearing, the court heard testimony and received other evidence at the hearing on February 23, 2005.  (See 2/23/05 Tr. (Doc. No. 71).)

The Second Circuit has informed the court that it has jurisdiction to deny the plaintiff's motion, but not to grant it, and advised the court that it should review the plaintiff's motion further in order to determine whether it will grant or deny the motion.  After reviewing the record in this case, the court concludes that the plaintiff's motion should be denied for the reasons set forth below.

The plaintiff did his best to avoid being deposed, and on the eve of his scheduled deposition, the court denied the plaintiff's motion to stay the deposition.   (See Doc. No. 59.) The excerpt of the transcript of the plaintiff's deposition provided to the court shows that at his deposition the plaintiff was not able to give answers that were particularly helpful to his case.  (See Doc. No. 65, Ex. A.)

At the hearing on February 23, 2005 the plaintiff admitted that he was uncomfortable answering questions at the deposition. (Tr. at 17, l. 21.)  The plaintiff has suggested that he was uncomfortable at the deposition because the conditions in the

room in which the deposition was taken were oppressive.  However, the testimony of Sandy Visentin at the hearing on February 23 makes it clear that that was not the case.  The conditions in the room were fine; the plaintiff found himself in what was for him the uncomfortable position of trying to justify having brought suit against the defendants.

The testimony of Ms. Visentin and the excerpt of the plaintiff's deposition also make it clear that during the break the plaintiff raised the topic of settling the case because that was what the plaintiff desired at that time, and that defense counsel then prepared the appropriate papers which were signed on behalf of all parties.  The court concludes that the plaintiff was not intimidated or coerced into settling his case, and that there was no "weakness of intellect", but rather a weak plaintiff's case.

Accordingly, the plaintiff's motion (Doc. No. 63) to rescind the Stipulation of Dismissal with Prejudice is hereby DENIED.

The Clerk shall close this case.

It is so ordered.

Dated this 15th day of July, 2005, at Hartford, Connecticut.

/s/AWT
_____
Alvin W. Thompson
United States District Judge